# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASON T. MYERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. 1:14-cv-154-TWP-MJD |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry and Order Dismissing Action**

**I.**

This matter is before the court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* Plaintiff Jason T. Myers challenges a prison disciplinary proceeding identified as No. CIC 13-06-0040. In that proceeding, Myers was found guilty of violating prison rules for his unauthorized use/possession of an electronic device. He files this action for a writ of habeas corpus based on a claim that the challenged proceeding is constitutionally infirm.

Myers has been down this path before. Specifically, he challenged the same disciplinary proceeding in *Myers v. Knight*, Case No. 1:13-cv-01393-JMS-DKL (S.D.Ind. Dec. 2, 2013)(*Myers I*). This is known from consideration of the docket in that case. *In re Salem,* 465 F.3d 767 (7th Cir. 2006)(citing cases). In fact, it was a post-judgment motion in *Myers I* which became the initial filing in this case.

The habeas petition in *Myers I* was denied and that action was dismissed. This disposition was issued following consideration of the pleadings and the expanded record, which supported the court's conclusion that "[t]here was no arbitrary action in any aspect of the charge,

disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Myers to the relief he seeks."

This means that the present action, for which no authorization from the Court of Appeals has been supplied, must be dismissed for lack of jurisdiction as an unauthorized second or successive habeas application. *Harris v. Cotton,* 296 F.3d 578, 579 (7th Cir. 2002) (section 2244(b) of 28 U.S.C. applies to § 2254 petitions challenging sanctions imposed in prison disciplinary proceedings); *see also Burton v. Stewart,* 549 U.S. 147, 153 (2007) (stating that the district court was without jurisdiction to entertain the habeas petition because the petitioner failed to receive the required authorization from the Court of Appeals and had "twice brought claims contesting the same custody imposed by the same judgment of the state court.").

**II.**

For the reasons stated above, the Petition for Writ of Habeas Corpus (Dkt. 2) is **DISMISSED**. Judgment consistent with this Entry shall now issue.

SO ORDERED.

Date: 02/05/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

JASON T. MYERS   154417
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064